1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 83013)
2  MARCOS D. SASSO (State Bar No. 228905)
   A.R. KACHADOORIAN (State Bar No. 240601)
3  2029 Century Park East, Suite 1600
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  Email: lacalendar@stroock.com

6  Attorneys for Defendants
     CITIGROUP, INC.,
7    CITIBANK NATIONAL ASSOCIATION,
     CITICORP CREDIT SERVICES, INC. (USA),
8    CITI HOLDINGS, INC. and CITIGROUP GLOBAL
     MARKETS, INC.
9

COPY

FILED
2012 DEC 17  PM 3: 42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

10           **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JAMES E. KEEFE, IV, and ROES 1           **Case No.** SACV 12-02179AG (ANx)
    through 200, inclusive,
14                                            **NOTICE OF REMOVAL**
              Plaintiff,
15                                            **(Pursuant to 28 U.S.C. § 1453(b))**
         v.
16  CITIGROUP, INC., CITIBANK
    NATIONAL ASSOCIATION, CITI
17  HOLDINGS, INC., CITICORP CREDIT
    SERVICES, INC. (USA), CITIGROUP
18  GLOBAL MARKETS, INC., and DOES
    1 through 100, inclusive,
19
              Defendants.
20

21

22

23

24

25

26

27

28

LA 51606542

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of 28 U.S.C.), defendants Citigroup, Inc., Citibank National Association, Citicorp Credit Services, Inc. (USA), Citi Holdings, Inc. and Citigroup Global Markets (collectively, "Defendants") hereby remove the action entitled <u>James E. Keefe, IV v. Citigroup, Inc., et al.</u>, Orange County Superior Court Case No. 30-2012-00599301-CU-BT-CXC (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

<u>**The Removal Is Timely**</u>

1. Plaintiff James E. Keefe, IV ("Plaintiff") served Citibank National Association[1] and Citicorp Credit Services, Inc. (USA) with the First Amended Complaint ("FAC") on November 13, 2012. Plaintiff served Citigroup Global Markets, Inc. with the FAC on November 16, 2012. Plaintiff served Citigroup Inc. on November 26, 2012. Defendants are informed and believe that Citi Holdings, Inc. has not yet been served because it is not an existing legal entity. This Notice of Removal has been filed within thirty days of service of the FAC on Citibank National Association and Citicorp Credit Services, Inc. (USA) and is therefore timely under 28 U.S.C. § 1446(b).

2. True and correct copies of the FAC, Summons, Initial Case Management Order and Class Action/B&P 17200 Questionnaire served on Defendants are attached hereto as Exhibit A.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

---

[1] The issuer of Plaintiff's Citibank credit card account is Citibank, N.A. ("Citibank").

LA 51606542

1

## This Court Has Removal Jurisdiction Under CAFA

2      3.     Under 28 U.S.C. § 1441(a), a defendant may remove "[e]xcept as

3 otherwise expressly provided by Act of Congress,[2] any civil action brought in a

4 State court of which the district courts of the United States have original

5 jurisdiction." This applies to class actions. 28 U.S.C. § 1453. District courts "have

6 original jurisdiction of any civil action in which the matter in controversy exceeds

7 the sum or value of $5,000,000, exclusive of interests and costs, and is a class action

8 in which – (A) any member of a class of plaintiffs is a citizen of a State different

9 from defendant." 28 U.S.C. § 1332(d)(2). Because each of these three elements is

10 satisfied, this Court has original and removal jurisdiction over this Action.

11      (a)    This Action is a "class action." A "class action" is defined as

12 "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or

13 similar State statute or rule of judicial procedure authorizing an action to be brought

14 by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B),

15 1453(a). Plaintiff expressly alleges that the Action is brought pursuant to California

16 Code of Civil Procedure section 382 on behalf of a putative class. (See Compl., ¶¶

17 28-34.)

18      (b)    The amount in controversy is satisfied. The amount in

19 controversy is satisfied if it "exceeds the sum or value of $5,000,000, exclusive of

20 interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount

21 in controversy in class actions, CAFA expressly requires that "the claims of the

22 individual class members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

23 Although Defendants admit for purposes of removal under CAFA that the amount in

24 controversy is satisfied (for the reasons below), Defendants deny that it has any

25 liability whatsoever to Plaintiff as alleged in the Complaint, does not concede

26 liability for any portion of the amount in controversy and expressly reserves its right

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

---

[2] There are no exceptions that would apply here.

LA 51606542

to challenge any request for damages.  However, for purposes of removal under CAFA, the amount in controversy is satisfied as follows

(i)     Plaintiff alleges that, in or about April 2012, he executed a balance transfer in response to a balance transfer offer made by Defendants in connection with Plaintiff's Citibank credit card account.  (Compl., ¶¶ 19-22.) Plaintiff alleges on his behalf and on behalf of putative class members that Defendants fail to disclose the complete material terms of "Citibank's promotional materials, offer, or the Terms and Conditions associated with the Balance Transfer." (Compl., ¶ 27.)

(ii)     Plaintiff asserts various putative class claims against Defendants.  (Compl. ¶¶ 35-101.)  Critically here, Plaintiff seeks a judgment for himself and on behalf of the putative class for disgorgement and restitution, including an order (1) "to disgorge all monies wrongfully obtained and all revenues derived by Defendants as a result of its acts or practices;" and (2) "to pay restitution to restore all affected persons all funds required by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent."  (Compl., pp. 23-24.) Plaintiff also seeks damages, attorneys' fees and costs, as well as injunctive relief. (Id.)  Plaintiff contends that putative class members include all persons in California who executed a balance transfer between May 1, 2008 and May 1, 2012.  (Id., ¶ 28.)

(iii)     When, as here, the "complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount."  Lewis v. Verizon Commc'ns., Inc., 627 F.3d 395, 397 (9th Cir. 2010).  The "preponderance of the evidence" standard requires a defendant "to offer evidence 'that it is more likely than not that the amount in controversy exceeds' $5,000,000."  Saulic v. Symantec Corp., No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, * 8 (C.D. Cal. Dec. 26, 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  In the Ninth Circuit,

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-3-

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  a defendant can satisfy this burden by submitting evidence outside the complaint,

2  including by declaration or affidavit.  See, e.g., Saulic, 2007 WL 5074883, * 8-9

3  (holding that declaration established amount in controversy for removal of case);

4  Lewis, 627 F.3d at 400-02 (finding that defendant satisfied burden through affidavit

5  stating it billed customers more than $5 million for premium services during the

6  purported class period).

7         (iv)    Plaintiff alleges that, among other things, based on the

8  improper and challenged disclosures, he and the putative class he purports to

9  represent, paid balance transfer fees that would not have been paid but for

10  Defendants' alleged improper and challenged disclosures:  "By its wrongful acts and

11  omissions, Defendants were unjustly enriched at the expense of Plaintiff and

12  members of [the] Class, who executed the Balance Transfer.  As a result of

13  Defendants' deceptive conduct, Defendants received unjust revenue and profit in the

14  form of the Balance Transfer Service fee charges and interest payments.  Thus,

15  Plaintiff and the Class were unjustly enriched."  (Compl., ¶ 50 (emphasis added); see

16  ¶ 98 (alleging damages including the "service charge paid to Defendants to execute

17  the Balance Transfer"); see also ¶¶ 41 (alleging damages based on the "monies paid

18  to Defendants by way of interest and service charge fees"), ¶¶ 48, 58, 62, 67, 73

19  (same).  Plaintiff seeks restitution of the balance transfer fees he and putative class

20  members allegedly paid.  (See id. ¶ 52.)

21         (v)  Based on Plaintiff's allegations, the amount in controversy

22  here includes, among other things, the amount of balance transfer fees paid by

23  Citibank credit cardholders between May 1, 2008 and May 1, 2012.  Based on a

24  review of its records, and without revealing confidential proprietary information,

25  Citibank's records reflect that the amount of balance transfer fees billed to certain

26  Citibank credit card accounts with billing addresses in California within the last year

27  exceeds $5,000,000.  (See Declaration of Jeff Kribell, ¶ 3, attached hereto as Exhibit

28  B.)

LA 51606542

1    (vi)    Thus, while Plaintiff does not allege a specific amount of

2    damages suffered by the putative class, it is apparent from the Complaint, and the

3    Kribell Declaration, that the total amount of potential liability, based on the

4    restitution and/or disgorgement of balance transfer fees paid, significantly exceeds $5

5    million.  Defendants, however, do not concede liability for any portion of said

6    amount, and expressly reserve the right to challenge any request for damages,

7    restitution and/or disgorgement.  See, e.g., Lewis, 627 F.3d at 400 (stating that the

8    "amount in controversy is simply an estimate of the total amount in dispute, not a

9    prospective assessment of defendant's liability" and in establishing the amount in

10    controversy defendant "need not concede liability for the entire amount").

11    (vii)    In addition to monetary relief, Plaintiff seeks injunctive

12    relief.  (Compl., Prayer for Relief, p. 23.)  Such relief may properly be considered in

13    determining the amount in controversy.  See Hunt v. Washington State Apple

14    Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)

15    ("In actions seeking declaratory or injunctive relief, it is well established that the

16    amount in controversy is measured by the value of the object of the litigation.")

17    (citations omitted).  Plaintiff also seeks attorneys' fees, which may be included in the

18    amount in controversy calculation.  See Galt v. JSS Scandinavia, 142 F.3d 1150,

19    1156 (9th Cir. 1998).  Combined with the total amount of balance transfer fees paid

20    and other relief sought, the amount in controversy exceeds $5 million.

21    (c)    Diversity of citizenship exists.  Under CAFA, a corporation is

22    deemed to be a citizen of any state where it is incorporated and where it has its

23    "principal place of business."  28 U.S.C. § 1332(c)(1).  Diversity is satisfied when

24    "any member of a class of plaintiffs is a citizen of a State different from any

25    defendant . . . ."  28 U.S.C. § 1332(d)(2)(A).  Here, there is no dispute that diversity

26    of citizenship exists as Plaintiff asserts in the Complaint that he is a citizen of

27    California (Compl., ¶ 7) and further alleges that each Defendant is not a California

28    corporation.  (See Compl., ¶¶ 12-16.)

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

-5-

**Notice Has Been Effected**

5.     A copy of this Notice of Removal is being concurrently filed with the Superior Court of the State of California for the County of Orange and concurrently served on all counsel of record.

Dated:  December 17, 2012

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
A.R. KACHADOORIAN

By: _____

Marcos D. Sasso

Attorneys for Defendants
CITIGROUP, INC., CITIBANK
NATIONAL ASSOCIATION, CITICORP
CREDIT SERVICES, INC. (USA), CITI
HOLDINGS, INC. AND CITIGROUP
GLOBAL MARKETS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51606542

# EXHIBIT A

**SUMMONS** on First Amended Complaint
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** CITIGROUP, INC., CITIBANK
*(AVISO AL DEMANDADO):* NATIONAL ASSOCIATION, CITI
HOLDINGS, INC., CITICORP CREDIT SERVICES, INC.,
(USA); CITIGROUP GLOBAL MARKETS, INC., and DOES 1
through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES E. KEEFE IV, et
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* al., and ROES 1
through 200, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Sep 19 2012**

ALAN CARLSON, Clerk of the Court
by F. IBARRA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>Civil Complex Center<br>751 West Santa Ana Blvd<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2012-00599301-CU-BT-CXC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID A. ROSEN (SBN: 101287)
Rose, Klein, & Marias, LLP                    (213)626-0571    (213)623-7755
801 S. Grand Ave., 11th Floor
Los Angeles, CA 90017

DATE: September 18, 2012                Clerk, by ___Fidel Ibarra___, Deputy
*(Fecha)*           19 Alan Carlson, Clerk of the Court *(Secretario)*   Fidel Ibarra   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]          **SUMMONS**        Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
& Plus

Page 1 of 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)   TELEPHONE NO<br>ROSE. KLEIN & MARIAS LLP                                    (213) 626-0571<br>801 South Grand Avenue<br>11th Floor<br>Los Angeles. California 90017<br>ATTORNEY FOR (NAME).   Plaintiff | FOR COURT USE ONLY |
|---|---|

Insert name of court and name of judicial district and branch court. if any
**Orange County Superior Court**
**Civil Complex Center**

SHORT TITLE OF CASE
Keefe, IV, et al. vs. Citigroup, Inc., et al.

| **PROOF OF<br>SERVICE<br>(Summons)** | HEARING<br>DATE· | TIME· | DEPT/DIV | CASE NUMBER<br>30-2012-00599301-CU-BT-CXC |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to the action. and I served copies of the (specify documents)·
   **Summons on First Amended Complaint, First Amended Complaint, Initial Case Management Order and Class Action/B&P 1700 Questionnaire**

2. a.      Party served (specify name of party as shown on the documents served):
   **CITIBANK NATIONAL ASSOCIATION**
   b.      Person served:  XX   party in item 2a __  other (specify name and title or relationship to the party named in item 2a)
   c.      Address·

   CITIBANK NATIONAL ASSOCIATION
   Subpoena Compliance Unit - Records Custodian
   701 East 60th Street North
   Sioux Falls, SD  57104

3. I served the party named in item 2
   a. __  by personally delivering the copies (1) on (date):                  (2) at (time):
   b. __  by leaving the copies with or in the presence of (name and title or relationship to person indicated in item  2b)·
      (1) __  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person served  I informed him or her of the general nature of the papers.
      (2) __  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served.           I informed him or her of the general nature of the papers
      (3) __  on (date)            (4) __  at (time)·
      (5) __  A declaration of diligence is attached (Substituted service on natural person. minor. conservatee. or candidate.)
   c. XX  by mailing the copies to the person served. addressed as shown in item 2c. by first-class mail. postage prepaid.
      (1)  XX on (date):  **November 16, 2012**    (2)  from (city): Los Angeles. California
      (3)  XX with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me.
      (4)  XX to an address outside California with return receipt requested.
   d. __  by causing copies to be mailed.  A declaration of mailing if attached.
   e. __  other (specify other manner of service and authorizing code section).

4. The "Notice to the Person Served" (on the summons) was completed as follows·
   a. XX as an individual defendant.
   b. __ as the person sued under the fictitious name of (specify):
   c. __ on behalf of (specify):
      under  XX  CCP 416 10 (corporation)              __ CCP 416 60 (minor)              __ other
             ____ CCP 416.20 (defunct corporation)      ____ CCP 416.70 (conservatee)
             ____ CCP 416 40 (association or partnership) ____ CCP 416.90 (individual)

5. Person serving (name. address. and telephone No):       a  Fee for service  S
   Doreen B. James                                          b  XX  Not a registered California process server
   801 South Grand Avenue. 11th Floor                       c  ____ Exempt from registration B&P §22350(b)
   Los Angeles. California 90017                            d  ____ Registered California process server
   (213) 626-0571                                              (1) __  Employee or independent contractor.
                                                               (2) Registration No

6. XX  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct
7. ____ I am a California sheriff. marshall. or constable and I certify that the foregoing is true and correct

Date:    **November 16, 2012**

_____
(SIGNATURE)

**10A**  Form Adopted by Rule 982                    PROOF OF SERVICE
Judicial Council of California                          (Summons)
982(a)(23)  (New July 1. 1987)

1  ROSE, KLEIN & MARIAS LLP
   DAVID A. ROSEN (SBN: 101287)
2  ERIN M. BERANEK (SBN: 276156)
   801 S. Grand Avenue
3  Eleventh Floor
   Los Angeles, California  90017-4645
4  (213) 626-0571
   (213) 623-7755 Fax
5
   Attorneys for Plaintiff, James E. Keefe IV, on behalf of himself and all others similarly
6  situated

7

8                  SUPERIOR COURT OF CALIFORNIA

9                   FOR THE COUNTY OF ORANGE

10

11  JAMES E. KEEFE IV, and ROES 1          ) CASE NO:
    through 200, Inclusive,                ) 30-2012-00599301-CU-BT-CXC
12                                         )
               Plaintiffs                  ) Assigned to Hon. Nancy Weiben-Stock
13                                         )
        vs.                                ) CLASS ACTION
14                                         )
    CITIGROUP, INC.; CITIBANK              ) FIRST AMENDED COMPLAINT FOR
15  NATIONAL ASSOCIATION; CITI             ) DAMAGES, INJUNCTIVE RELIEF
    HOLDINGS, INC.; CITICORP CREDIT        ) AND RESTITUTION
16  SERVICES, INC., (USA); CITIGROUP       )
    GLOBAL MARKETS, INC., and DOES 1       ) 1.  FRAUD AND DECEIT
17  through 100, inclusive,                ) 2.  NEGLIGENT MISREPRESENTATION
                                           ) 3.  UNJUST ENRICHMENT
18                                         ) 4.  BREACH OF CONTRACT
               Defendants.                 ) 5.  PROMISSORY ESTOPPEL
19                                         )     (RESTATEMENT OF CONTRACTS
                                           )     § 90)
20                                         ) 6.  EQUITABLE ESTOPPEL
                                           )     (RESTATEMENT OF CONTRACTS
21                                         )     § 45)
                                           ) 7.  NEGLIGENCE
22                                         ) 8.  UNFAIR COMPETITION (BUSINESS
                                           )     AND PROFESSIONS CODE § 17200
23                                         )     ET. SEQ.)
                                           ) 9.  DECEPTIVE ADVERTISING
24                                         )     PRACTICES (BUSINESS AND
                                           )     PROFESSIONS CODE § 17500 ET.
25                                         )     SEQ.)
                                           ) 10. VIOLATION OF THE CONSUMER
26                                         )     LEGAL REMEDIES ACT (Cal. Civil
                                           )     Code §1750 et. seq.)
27                                         )
                                           ) Action Filed:  September 19, 2012
28                                         ) Trial Date:    Unassigned

ELECTRONICALLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

Nov 13 2012

ALAN CARLSON, Clerk of the Court
by E. Veloz

1    Plaintiff, JAMES E. KEEFE IV (hereinafter "PLAINTIFF"), on behalf of himself
2    and all others similarly situated, complains and alleges as follows:

3                                    I.

4                        ## NATURE OF THE ACTION

5    1.    This is an action brought by Plaintiff, James E. Keefe IV (hereinafter
6    "Plaintiff Keefe"), individually, and as a class action on behalf of those similarly situated
7    for the unfair business practices of named Defendants, Citigroup, Inc., Citibank, National
8    Association, Citi Holdings, Inc., CitiCorp Credit Services, Inc., and Citigroup Global
9    Markets, Inc. At all relevant times herein, Defendants failed to disclose material terms and
10   conditions of the Citibank Credit Card Balance Transfer ("Balance Transfer"). This action
11   seeks to recover all sums wrongfully received by Defendants, in violation of applicable
12   law and wrongfully converted to their own use and benefit as a result of their unfair,
13   fraudulent and illegal conduct, as described more fully herein.

14   2.    At all times pertinent and material hereto, Plaintiff Keefe paid money to
15   Defendants in executing the Balance Transfer, and has suffered injury-in-fact and has lost
16   money or property as a result of each Defendants' unfair business practices, as alleged
17   more fully herein.

18   3.    At all times relevant hereto, Plaintiff Keefe had no knowledge of the
19   wrongful acts described herein, or of any facts which might have led to the discovery
20   thereof. Nor could Plaintiff Keefe have discovered the wrongful acts at an earlier date by
21   the exercise of due diligence, as the acts were concealed by Defendants.

22                                   II.

23                       ## JURISDICTION AND VENUE

24   4.    This Court has jurisdiction over Plaintiff's causes of action against
25   Defendants based upon the California Constitution Article 6, Section 10 and California
26   Code of Civil Procedure § 410.10.

27   5.    Venue is proper in this Court pursuant to Section 395(a) of the California
28   Code of Civil Procedure. Defendants systematically and continuously transact business in

-2-

1  the County of Orange, State of California and the Balance Transfer transaction with

2  Plaintiff Keefe took place in the County of Orange, State of California.  Venue is also

3  appropriate upon California Business and Professions Code § 17203, which empowers any

4  court of competent jurisdiction to enter orders or judgments as may be necessary to prevent

5  the use of employment by any person of any practice which constitutes unfair competition.

6  III.

7  PARTIES

8  A.   The Plaintiffs

9       6.     Plaintiffs at all relevant times herein, were account holders at Citibank,

10  National Association (hereinafter "Citibank") and executed Balance Transfers pursuant to

11  the terms and conditions more fully explained below.  Each of the putative Class members

12  are identifiable, current and formerly similarly situated persons who have executed

13  Balance Transfers under the same or similar terms and conditions described herein.

14       7.     Individual and Representative Plaintiff Keefe, is an individual

15  residing in the State of California, County of Orange, and City of Coto de Caza.  On or

16  around April 13, 2012, Plaintiff Keefe executed a Balance Transfer offered by Defendants,

17  pursuant to the terms and conditions more fully explained below.  During the class period,

18  Plaintiff Keefe was exposed to and saw Defendants' false and misleading advertising

19  claims, executed a Balance Transfer in reliance on those claims, suffered injury in fact, and

20  lost money.

21       8.     The true names and capacities of plaintiffs ROES 1 through 200, inclusive,

22  are unknown individuals at the present time.  When the true names and capacities of said

23  plaintiffs are ascertained, Plaintiff will ask leave of court to amend this complaint by

24  setting forth same.

25  B.   The Defendants

26       9.     The true names and capacities of defendants DOES 1 through 100, inclusive,

27  ///

28  ///

-3-

1  whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the

2  present time. When Plaintiff ascertains such true names and capacities of said defendants,

3  he will ask leave of court to amend this complaint by setting forth same.

4       10.   All defendants, and each of them, were in some fashion legally responsible

5  for the injuries and damages complained of herein.

6       11.   At all times herein mentioned, defendants, and each of them, were the agents,

7  servants, and employees each of the other, acting within the course and scope of said

8  agency and employment.

9       12.   Defendant, Citigroup, Inc. ("Citigroup"), is a corporation organized and

10 existing under the laws of the State of Delaware, and is a global diversified financial

11 services holding company engaged in the business of providing consumers, corporations,

12 governments and institutions with a broad range of financial products and services.

13 Citigroup has approximately 200 million customer accounts and does business in more

14 than 160 countries and jurisdictions.

15      13.   Defendant, Citibank, National Association ("Citibank"), is a corporation

16 organized and existing under the laws of the State of Delaware. It operates as a subsidiary

17 of Citigroup and provides commercial and consumer banking products and services. Its

18 products and services include checking, savings, and money market accounts, certificates

19 of deposit, credit cards, mortgages and student loans, individual retirement accounts and

20 rollovers, investments, insurance, and special relationship accounts.

21      14.   Defendant, Citi Holdings, Inc., is a corporation organized and existing

22 under the laws of the State of Delaware. It operates as a subsidiary of Citigroup and offers

23 financial analysis, mortgage banking, personal and home loans, and financial risk

24 management services.

25      15.   Defendant, CitiCorp Credit Services, Inc., (USA), is a corporation organized

26 and existing under the laws of the State of Delaware. It operates as a subsidiary of

27 Citigroup and offers credit cards processing and distribution services for Citigroup, Inc.

28      16.   Defendant, Citigroup Global Markets, Inc. is a corporation organized and

1  existing under the laws of the State of New York. It is the US-based brokerage and

2  securities arm of banking Citigroup. It provides investment banking services to corporate,

3  institutional, government, and retail clients.

IV.

## FACTUAL ALLEGATIONS

6      17.    Citibank's Balance Transfer is a financial service offered to existing

7  Citibank account holders and is advertised as a service designed to help the account holder

8  save money on interest. The Balance Transfer allows an account holder to transfer any

9  amount, up to his available credit limit, to an account held by another creditor or to his

10  personal checking account. The funds of the Balance Transfer are subject to a 0.00%

11  Promotional APR until a specified period of time. This 0.00% Promotional APR is

12  constructed to allow an account holder to pay off higher interest balances.

13      18.    Since 2006, Plaintiff Keefe has been a Citibank account holder with a

14  Citibank Mastercard ending in 9803 ("Citibank Mastercard"). Upon opening his Citibank

15  Mastercard, Plaintiff Keefe agreed to the terms and conditions set forth in the CardMember

16  Agreement.

17      19.    On or around April 9, 2012, Plaintiff Keefe received an unsolicited e-mail

18  from CitiBank offering him a promotional Balance Transfer in connection to his Citibank

19  Mastercard. This e-mail advertised: "Act now to transfer balances to your Citi® Card and

20  you can save money on interest."

21      20.    Within the e-mail was a hyperlink, directing him to Citibank's website,

22  www.balancetransfer.citicards.com. Plaintiff Keefe visited this website and reviewed his

23  Balance Transfer offer. The advertised and promotional terms of the offer were as

24  follows:

25      **APR for Check Transactions:**   0.00% (Promotional APR on transferred balances

26      until 12/01/2012).

27      After 12/01/2012, you will be charged the

28      standard variable APR for purchases, currently

-5-

|  |  |
|---|---|
|  | 16.99%  This APR will vary with the market based on the Prime rate. |
| Use by Date: | To qualify for this offer, your transaction must post to your account by 06/14/2012. After that date, you will not receive the promotional APR. Instead, the standard APR for purchases will apply. |
| Fee: | Either $5 or 3.00% of the amount of each balance transfer, whichever is greater. |
| Paying Interest: | We will begin charging interest on these checks on the transaction date. (The interest charge will be $0 while the promotional APR is 0%.) |

21.    After reading this promotional offer, Plaintiff Keefe decided he wanted to execute the Balance Transfer and transfer money into his JPMorgan Chase Bank personal checking account ending in 9576 ("JPMorgan Account"). Prior to executing and finalizing the Balance Transfer, Plaintiff Keefe read the formal Citibank Terms and Conditions of the Balance Transfer (hereinafter "Terms and Conditions") which stated, in their entirety, as follows:

(a)    Your Selected Offer

| | |
|---|---|
| APR | 0.00% Promotional APR on Balance Transfers After this promotional offer ends your standard variable APR for purchases of **16.99%** will be applied to any unpaid promotional balances. This APR will vary with the market based on the Prime Rate. |
| Duration | Until 12/01/2012 |
| Fee | Either $5 or 3% of the amount of each transfer, whichever is greater |

-6-

1    **Designed to Help You**    Save on interest with our promotional rate.

2

3         (b)    Terms and Conditions

4              i)    Your account must be open and current in order for you to

5                    qualify for this offer;

6              ii)   We reserve the right to conduct a credit review, including

7                    obtaining third party credit reports, to determine your eligibility

8                    for this offer;

9              iii)  You cannot transfer balances from other accounts issued by

10                   Citibank, N.A. or its affiliates;

11             iv)   Be sure you do not transfer any disputed purchase or other

12                   charge amount, as you may lose your dispute rights;

13             v)    Transferred balances do not earn any miles, rebates, points or

14                   reward benefits associated with your card, unless otherwise

15                   indicated.

16         22.    Based on these Terms and Conditions, Plaintiff Keefe executed a Balance

17   Transfer of $6,000.00 into his JPMorgan Account.  At the time he made the Balance

18   Transfer, Plaintiff Keefe had a credit limit of $15,200.00 on his Citibank Mastercard and

19   $6,859.00 available to transfer.  On or around April 16, 2012, the $6,000.00 from the

20   Balance Transfer posted to his JP Morgan Account.

21         23.    On or around April 13, 2012 through the present, Plaintiff Keefe made and

22   continues to make purchases using his Citibank Mastercard.

23         24.    Prior to executing the Balance Transfer, and pursuant to the terms

24   ///

25   ///

26   ///

27   ///

28   ///

-7-

1  and conditions of the CardMember Agreement, any purchases made on Plaintiff Keefe's
2  Citibank Mastercard during a specified statement period of time did not accrue interest so
3  long as the purchases were paid in full by the respective statement billing due date (this
4  period will hereinafter be described as a "Grace Period").

5      25.    Since executing the Balance Transfer, however, this Grace Period has been
6  extinguished until the outstanding funds from the Balance Transfer are paid in full. As
7  such, any and all purchases made on Plaintiff Keefe's Citibank Mastercard are subject to a
8  *daily* interest charge until these purchases are paid in full. This daily interest charge is
9  calculated based on Plaintiff Keefe's standard variable APR for purchases, which at the
10 present time is 16.99%.

11     26.    At the time of executing the Balance Transfer, Plaintiff Keefe was unaware
12 that the Grace Period, which had been previously applied to his purchases, would be
13 extinguished until Plaintiff Keefe paid off his outstanding Balance Transfer amount.
14 Consequently, until Plaintiff Keefe pays off the $6,000.00 from his Balance Transfer, any
15 purchases made on his Citibank Mastercard have been and will be subject to a daily
16 interest charge. Had Plaintiff Keefe known of these facts at the time he made the Balance
17 Transfer, he never would have executed the Balance Transfer.

18     27.    Citibank fails to disclose to its account holders that the execution of a
19 Balance Transfer extinguishes an account holder's Grace Period until the outstanding
20 funds from the Balance Transfer are paid in full. These material terms are not mentioned
21 in any of Citibank's promotional materials, offer, or the Terms and Condition associated
22 with the Balance Transfer.

23                                          V.

24                      CLASS ACTION ALLEGATIONS
                           (Against All Defendants)
25

26     28.    Plaintiff bring this class action pursuant to *California Code of Civil*
27 *Procedure* §382 on behalf of himself and a class of persons initially defined as follows:

28

-8-

1    All persons and entities within California who executed a Balance Transfer

2    pursuant to Citibank's Terms and Conditions between May 1, 2008 and May

3    1, 2012.

4  Excluded from the Class are Defendants; their parent, subsidiaries, and affiliates; any

5  person or entity who is a partner, officer, director, employee or controlling person of any of

6  the foregoing entities; members of such persons' immediate families and their legal

7  representatives, heirs, successors, or assigns; any entity in which Defendants have had or

8  had a controlling interest; and any Judge to whom this case is assigned as well as his or her

9  immediate family and staff.

10      29.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to

11  amend or modify the Class description with greater specificity or further division into

12  subclasses or limitation to particular issues.

13      30.    This action has been brought and may be maintained as a class action

14  pursuant to Code of Civil Procedure §382 because there is a well-defined common interest

15  of many persons and it is impractical to bring them all before the court.

16      31.    This Court should permit this action to be maintained as a class action

17  pursuant to California Code of Civil Procedure §382 because:

18          (a)    **Numerosity:** The members of the Class are so numerous that joinder

19  of all members is impracticable. Defendants advertised and offered the Balance Transfers

20  pursuant to Citibank's Terms and Conditions throughout California. Although the exact

21  numbers are unknown to Plaintiff at this time and can be ascertained only through

22  appropriate discovery and investigation, Plaintiff believes that there are at least thousands

23  of members of the proposed Class. The disposition of the numerous claims of the Class

24  members in a single action will provide substantial benefits to all parties and to the Court.

25          (b)    **Existence and predominance of common questions:** There is a

26  well-defined community of interest in the questions of law and fact involved in this action

27  and affecting the Class. These common questions of law and fact substantially

28  ///

-9-

PLAINTIFF'S CLASS ACTION FIRST AMENDED COMPLAINT

predominate over any questions that may affect only individual Class members.  Among these common questions of law and fact are:

       i.    Whether Defendants represented that the Balance Transfers at issue herein were interest-free;

      ii.    Whether Defendants disclosed that after effectuating a Balance Transfer, the respective account holder would be subject to *daily* interest on purchases made while any funds from the Balance Transfer were still outstanding;

      iii.    Whether the uniform communications from Defendants to Class members as detailed herein included misleading and inaccurate statements about the interest associated with executing a Balance Transfer;

      iv.    Whether Defendants' uniform course of conduct was unreasonable and unconscionable or constitutes acts of unfair competition, misleading or deceptive acts or practices, intentional, reckless or negligent misrepresentation or concealment of material facts;

      v.    Whether Defendants' above-referenced representations about the interest associated with executing a Balance Transfer are unfair, unlawful, misleading and/or likely to deceive customers;

      vi.    Whether Defendants have omitted and/or suppressed material information in its marketing and advertising of its Balance Transfer;

      vii.    Whether Defendants intentionally, recklessly, negligently or otherwise misrepresented to Class members the facts as detailed herein, or omitted to disclose material facts necessary

in order to make Defendants' other statements not misleading for want of disclosure of other omitted facts;

    viii.   Whether Defendants knew, recklessly disregarded, or reasonably should have known about the material misstatements and omissions in its uniform statements regarding the facts as set forth herein;

    ix.   Whether Defendants continued to retain the monies here at issue despite its knowledge of or reckless or negligent disregard for the true facts;

    x.   Whether Defendants fraudulently, recklessly, negligently, or otherwise concealed the true facts at issue in this action;

    xi.   Whether Defendants initiated this scheme to mislead Class members;

    xii.   The amount of revenues and profits Defendants received and/or the amount of monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

    xiii.   Whether Defendants' conduct constitutes the violations of law alleged herein.

    (c)   **Typicality:**  Plaintiff asserts claims that are typical of the claims of the entire Class, as their claims arise from the same course of conduct by Defendants and are based on the same legal theories.

    (d)   **Adequacy:**  Plaintiff will fairly and adequately represent and protect the interests of the other Class members and has no interests antagonistic to those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

    (e)   **Superiority:**  Proceeding as a class action provides substantial

-11-

PLAINTIFF'S CLASS ACTION FIRST AMENDED COMPLAINT

1   benefits to both the parties and the Court because this is the most efficient method for the

2   fair and efficient adjudication of the controversy under the causes of action asserted in

3   terms of resolving the claims of Plaintiff and the absent Class members.  Class members

4   have suffered and will suffer irreparable harm and damages as a result of Defendants'

5   wrongful conduct.  Because of the nature of most of the individual Class members' claim,

6   few, if any, could otherwise afford to seek legal redress against Defendants for the wrongs

7   complained of herein, and a representative class action is therefore appropriate, the

8   superior method of proceeding, and essential to the interests of justice insofar as the

9   resolution of Class members' claims.  Absent a representative class action, Class members

10   would continue to suffer losses for which they would have no remedy; and Defendants

11   would collect and retain the proceeds of its ill-gotten gains.  Even if separate actions could

12   be brought by individual members of the Class, the result of multiplicity of lawsuits would

13   cause undue hardship and expense for the Court and the litigants, as well as create a risk of

14   inconsistent rulings which might be dispositive of the interests of the other Class members

15   who are not parties to the adjudications and/or may substantially impede their ability to

16   protect their interests.

17       32.    Prosecution of separate actions by individual Class members would create a

18   risk of inconsistent or varying adjudications, establishing incompatible standards of

19   conduct for the Defendants.

20       33.    The prosecution of separate actions by individual Class members would

21   create a risk of adjudications which would, as a practical matter, be dispositive of the

22   interests of other members not parties to the adjudications, or would substantially impair or

23   impede their ability to protect their interests, including but not limited to, the potential for

24   exhausting the funds available from those parties who are, or may be, responsibile

25   Defendants.

26       34.    Injunctive relief is appropriate as to the Class as a whole because Defendants

27   have acted or refused to act on grounds generally applicable to the Class.

28   ///

## FIRST CAUSE OF ACTION

### FRAUD AND DECEIT
(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)

35.    Plaintiff and the Class incorporate by reference paragraphs 1 through 34 of this Complaint as if fully alleged herein.

36.    The conduct of Defendants constitutes fraud against Plaintiff and members of the Class.  Defendants, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class knowing the falsity of its representations, concealments, and nondisclosures as described above, with the intent to defraud Plaintiff and the Class.

37.    Plaintiff and the Class relied upon these false representations, concealements, and nondisclosures by Defendants in executing Balance Transfers pursuant to Citibank's Terms and Conditions, which reliance was justified.  Had Plaintiff and members of the Class known the true facts, they would not have executed the Balance Transfers at issue herein.

38.    Defendants, directly and indirectly, actually made uniform and substantially similar misrepresentations and material omissions to Plaintiff and each member of the Class as set above.

39.    Defendants' representations and omissions regarding the true terms of the Balance Transfers were made with knowledge or with reckless disregard of the laws of California prohibiting false and misleading statements.

40.    Defendants:

   a.    made representations, as facts, which were not true and Defendants did not believe to be true at the time made;

   b.    made assertions, as facts, which were not true and Defendants had no reasonable grounds for believing to be true at the times they were made; and/or

-13-

c.    suppressed facts, which it was bound to disclose, or gave

information of other facts which were likely to mislead for

want of communications of the suppressed facts.

41.    As a result of Defendants' wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to Defendants by way of interest and service charge fees, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

42.    The wrongful acts of Defendants were done maliciously, oppressively and with the intent to defraud, and Plaintiff and members of the Class are entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish, deter, and set an example of Defendants.

## SECOND CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
**(By Plaintiff on Behalf of Those Similarly Situate, Against All Defendants)**

43.    Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as if fully alleged herein.

44.    Defendants, directly and through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

45.    In making the representations of fact to Plaintiff and the members of the Class described herein, Defendants have failed to fulfill their duties to disclose the material facts set forth above. The direct and proximate cause of said failure to disclose was the negligence and carelessness of Defendants.

46.    In making the representations and omissions, and in doing the acts alleged above, Defendants acted without any reasonable grounds for believing the representations were true, and intended by said representations to induce the reliance of Plaintiff and members of the Class.

47.    Plaintiff and members of the Class relied upon these false representations,

-14-

1    concealments and nondisclosures by Defendants when executing the Balance Transfers at

2    issue herein, which reliance was justified.

3        48.    As a result of Defendants' wrongful conduct, Plaintiff and members of the

4    Class have suffered and continue to suffer economic loss and other general and specific

5    damages, including but not limited to the monies paid to Defendants by way of interest and

6    service charge fees, and any interest that would have been accrued on those monies, all in

7    an amount to be determined according to proof at time of trial.

8                        **THIRD CAUSE OF ACTION**

9                        **UNJUST ENRICHMENT**
     **(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)**
10

11       49.    Plaintiff and the Class members incorporate paragraphs 1 through 48 of this

12   Complaint as if fully alleged herein.

13       50.    By its wrongful acts and omissions, Defendants were unjustly enriched at the

14   expense of Plaintiff and members of Class, who executed the Balance Transfers. As a

15   result of Defendants' deceptive conduct, Defendants received unjust revenue and profit in

16   the form of the Balance Transfer service fee charges and interest payments. Thus, Plaintiff

17   and the Class were unjustly deprived.

18       51.    It would be inequitable and unconscionable for Defendants to retain the

19   profit, benefit and/or other compensation it obtained from its deceptive, misleading, and

20   unlawful conduct alleged herein.

21       52.    Plaintiff and members of the Class seek restitution from Defendants, and

22   seek an order of this Court disgorging all profits, benefits and other compensation obtained

23   by Defendants from its wrongful conduct.

24                      **FOURTH CAUSE OF ACTION**

25                      **BREACH OF CONTRACT**
     **(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)**
26

27       53.    Plaintiff and the members of the Class incorporate paragraphs 1 through 52

28   of this Complaint as if fully alleged herein.

-15-

54.     Plaintiff and each member of the Class entered into an agreement with Defendants to execute a Balance Transfer pursuant to the Citibank's Terms and Conditions. Citibank's Terms and Conditions were material express and implied terms of the contracts of services.

55.     Pursuant to the agreement with Defendants, Plaintiff and the Class paid the Balance Transfer service charge, and otherwise complied with all material provisions of those agreements.

56.     Defendants have materially breached the contracts of services by charging *daily* interest on purchases made from the time the Balance Transfer is executed until the outstanding amount of the Balance Transfer is paid in full.

57.     Defendants' actions constitute breaches of contract, and/or render the contracts of service unenforceable, unconscionable, and void under public policy.

58.     As a result of Defendants' wrongful conduct, Plaintiff and the members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to Defendants by way of interest and service charge fees, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## FIFTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL
**(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)**

59.     Plaintiff and the members of the Class incorporate by reference paragraphs 1 through 58 of this Complaint as if fully alleged herein.

60.     The terms and conditions of the Balance Transfer were clear and unambiguous, stating that the funds of the Balance Transfer are subject to a 0.00% Promotional APR until a specified period of time.

61.     Plaintiff and the members of the Class relied on these terms and conditions when executing the Balance Transfer. Such reliance was both reasonable and foreseeable to Defendants.

-16-

62.     As a result of Plaintiff and the members of the Class' reliance, Plaintiff and members of the Class have suffered and continue to suffer economic loss and other general and specific damages, including but not limited to the monies paid to Defendants by way of interest and service charge fees, and any interest that would have been accrued on these monies, all in an amount to be determine according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### EQUITABLE ESTOPPEL
### (By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)

63.     Plaintiff and the members of the Class incorporate by reference paragraphs 1 through 62 of this Complaint as if fully alleged herein.

64.     Defendants intentionally made representations, as facts, regarding the Balance Transfer, which were not true and Defendants did not believe them to be true at the time they were made, nor did Defendants have reasonable grounds for believing them to be true at the time they were made.

65.     Defendants intentionally suppressed facts, which they were bound to disclose, and gave information of other facts concerning the Balance Transfer, which were untrue.

66.     At the time of executing the Balance Transfer, Plaintiff and members of the Class were unaware that in executing a Balance Transfer a *daily* interest would be charged on purchases made from the time that the Balance Transfer is executed until the outstanding amount of the Balance Transfer is paid in full.  Plaintiff and members of the Class could not have discovered the wrongful acts at an earlier date by the exercise of due diligence, as the acts were concealed by Defendants.

67.     As a proximate and legal result of the negligence of Defendants, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to Defendants by way of interest and service charge fees, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

-17-

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE
#### (By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)

68.     Plaintiff and the members of the Class incorporate by reference paragraphs 1 through 67 of this Complaint as if fully alleged herein.

69.     Defendants owed a duty to Plaintiff and the Class to disclose, in its advertising of the Balance Transfer the full terms and conditions associated with the Balance Transfer.

70.     Defendants breached this duty when they negligently, recklessly, and unlawfully failed to disclose that in executing a Balance Transfer a *daily* interest would be charged on purchases made from the time that the Balance Transfer is executed until the outstanding amount of the Balance Transfer is paid in full.

71.     At the time of executing the Balance Transfer, Plaintiff and members of the Class were unaware that in executing a Balance Transfer a *daily* interest would be charged on purchases made from the time that the Balance Transfer is executed until the outstanding amount of the Balance Transfer is paid in full.  Plaintiff and members of the Class could not have discovered the wrongful acts at an earlier date by the exercise of due diligence, as the acts were concealed by Defendants.

72.     Defendants therefore proximately and legally caused the damages described herein.

73.     As a proximate and legal result of the negligence of Defendants, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the monies paid to Defendants by way of interest and service charge fees, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

///

///

///

-18-

# EIGHTH CAUSE OF ACTION

### CLASS ACTION FOR UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 1700 ET SEQ.
[Unfair, Fraudulent or Illegal Business Acts and Practices]
(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)

74.    Plaintiff and members of the Class incorporate by reference paragraphs 1 through 73 of this Complaint as fully alleged herein.

75.    Business and Professions Code § 17200, *et seq.* ("UCL") prohibits the commission of any "unlawful, unfair or fraudulent business act or practice." Business and Professions Code §17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code §17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

76.    In the course of conducting business, Defendants committed unlawful business practices by, *inter alia,* making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1710, and Business and Professions Code §§17200, *et seq.*, 17500, *et seq.* Thus, by committing the acts and practices alleged above, Defendants have violated the UCL.

77.    Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

78.    Defendants' advertising, and promoting of the Balance Transfer as more fully explained herein, constitutes unfair business acts and practices under the UCL because such conduct offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. The injuries suffered by Plaintiff and the Class are not outweighed by any countervailing benefits to Defendants or competition in general, and Plaintiff and the Class could not have reasonably avoided their injuries. There were reasonably available alternatives to further

-19-

1   Defendants' legitimate business interests, other than the conduct described herein.

2   Defendants' conduct has caused substantial injury to Plaintiff and the Class

3        79.    Business and Professions Code §17200, *et seq.*, also prohibits any

4   "fraudulent business act or practice."

5        80.    Defendants' actions, claims, nondisclosures, and misleading statements, as

6   alleged in this Complaint, were false, misleading and likely to deceive the consuming

7   public within the meaning of Business & Professions Code §17200, *et seq.*

8        81.    Plaintiff and members of the Class have in fact been deceived as a result of

9   their reliance on Defendants' representations and omissions.  This reliance has caused

10  harm to Plaintiff and the Class.  Plaintiff and the Class have suffered injury in fact and lost

11  money as a result of these unlawful, unfair, and fraudulent practices.

12       82.    As a result of its deception, Defendants have been able to reap unjust

13  revenue and profit.  Unless restrained and enjoined, Defendants will continue to engage in

14  the above-described conduct.  Accordingly, injunctive relief and restitution in an amount

15  to be proven at trial is appropriate.

16  ### NINTH CAUSE OF ACTION

17  **CLASS ACTION FOR DECEPTIVE ADVERTISING PRACTICE UNDER
    CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17500, ET SEQ.**
18  **(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)**

19       83.    Plaintiff and the Class members incorporate paragraphs 1 through 82 of this

20  Complaint as if fully alleged herein.

21       84.    California Business and Professions Code § 17500 prohibits "unfair,

22  deceptive, untrue or misleading advertising."

23       85.    Defendants violated California Business and Professions Code § 17500 by,

24  *inter alia*, (a) misleading advertising that its Balance Transfer was subject to a 0.00%

25  Promotional APR for a specified period of time in print, on-line, and elsewhere; and (b)

26  concealing material information about the true terms and conditions of the Balance

27  Transfer.

28       86.    Defendants' deceptive practices were specifically designed to induce

-20-

1  Plaintiff and members of the Class to execute the Balance Transfer offered by Defendants
2  over similar offers offered by its competitors. Defendants' deceptive practices were
3  carried in print, on-line, on Citibank's website, and through e-mail and other broad-based
4  media, in order to induce Plaintiff and the Class to execute the Balance Transfer.

5      87.    The content of the advertisements, as alleged herein, were of a nature likely
6  to deceive a reasonable consumer.

7      88.    Defendants knew, or in the exercise of reasonable care, should have known,
8  that the representations were untrue or misleading and likely to deceive reasonable
9  consumers.

10     89.    Defendants' misrepresentations and omissions alleged herein are objectively
11 material to the reasonable consumer, and reliance upon such misrepresentations and
12 omissions may therefore be presumed as a matter of law. The materiality of such
13 representations and omissions also establishes causation between Defendants' conduct and
14 Plaintiff's and the Class' injuries.

15     90.    Unless restrained by this Court, Defendants will continue to engage in
16 misleading advertising, as alleged above, in violation of California Business and
17 Professions Code § 17500.

18     91.    As a result of the foregoing, Plaintiff and members of the Class have been
19 injured and lost money or property, and they are entitled to restitution and injunctive relief.

20              **TENTH CAUSE OF ACTION**

21 **CLASS ACTION FOR VIOLATION OF THE CONSUMER LEGAL REMEDIES
   ACT UNDER CALIFORNIA CIVIL CODE SECTION 1750 ET SEQ.**
22 **(By Plaintiff on Behalf of Those Similarly Situated, Against All Defendants)**

23
24     92.    Plaintiff and the members of the Class incorporate by reference paragraphs 1
   through 91 of this Complaint as if fully alleged herein.
25
26     93.    Plaintiff and the members of the Class are individuals who have executed
   Balance Transfers for personal use.
27
28     94.    Defendants have represented that the Balance Transfer has characteristics.

-21-

1   uses, benefits, or qualities that it does not have.

2       95.    Defendants knew, or in the exercise of reasonable care, should have known,

3   that the representations were untrue or misleading and likely to deceive reasonable

4   consumers.

5       96.    As a direct and proximate result of Defendants' violations of law, Plaintiff

6   and the Putative Class have been injured.

7       97.    On or about October 2, 2012, Plaintiff Keefe gave written notice by certified

8   mail, return receipt requested, to Defendants regarding the specific provisions of this code

9   alleged to have been violated, including the facts and theories to support the alleged

10   violations as required by California Civil Code §1782.  Over thirty (30) days have passed

11   since this notification was given and Defendants have failed to comply with California

12   Civil Code §1782(c).

13       98.    Plaintiff and the members of the putative Class have each been directly and

14   proximately injured by the conduct of Defendants, and such injury includes the service

15   charge paid to Defendants to execute the Balance Transfer and the interest charged on

16   purchases made after the Balance Transfer.

17       99.    The Court should enjoin the Defendants from any further marketing,

18   advertising, or execution of Balance Transfers which contain the omissions and

19   misrepresentations detailed herein as to the interest associated with the Balance Transfer.

20   Plaintiff requests that this Court enter a permanent injunction enjoining Defendants, and

21   their agents, servants, employees and all persons acting under or in concert with them, to

22   cease and desist from the following acts: (a) marketing, advertising, or executing of

23   Balance Transfers with any representation or suggestion that the Balance Transfer is

24   subject to a 0.00% Promotional APR for a specified period of time; (b) concealing

25   information regarding the true nature of the interest associated with the Balance Transfer;

26   (c) engaging in any of the illegal, fraudulent, misleading, unlawful, unfair and/or deceptive

27   conduct described herein; and (d) engaging in any other conduct found by the Court to be

28   illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

-22-

100.    Plaintiff engaged counsel to prosecute this action and is entitled to recover costs and reasonable attorney's fees according to proof at trial.  Defendants have failed to make or provide an appropriate connection, repair, or replacement or other remedy with respect to the product.

101.    The wrongful acts of Defendants were done maliciously, oppressively and with the intent to defraud, and Plaintiff and members of the Class are entitled to punitive and exemplary damages in an amount to be ascertained according to proof, which is appropriate to punish, deter, and set an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Proposed Class pray for the following relief:

A.    That the Court declare that this action may be maintained as a class action under California Code of Civil Procedure §382.

B.    That the Court, pursuant to Business and Professions Code § 17203, issue a temporary restraining order and preliminary and permanent injunction enjoining Defendants, its agents, employees, assigns and all persons acting in concert or participating with it from conducting its business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

C.    That Defendants are found to have violated §§ 17200 and 17500 *et seq.* of the California Business and Professions Code for unfair competition and deceptive advertising;

D.    That Defendants are found to have violated § 1750 *et seq.* of the Consumer Legal Remedies Act;

E.    That the Court order Defendants to disgorge all monies wrongfully obtained and all revenues derived by Defendants as a result of its acts or practices as alleged in this Complaint;

F.    That the Court order Defendants to pay restitution to restore all affected

-23-

1    persons all funds acquired by means of any act or practice declared by this Court to be

2    unlawful, unfair or fraudulent business act or practice, plus pre- and post-judgment interest

3    thereon;

4         G.      That the Court order Defendants to notify all customers who incurred the

5    charges at issue in this Complaint of the pendency of the claims set forth in this action for

6    purposes of providing restitution for such customers;

7         H.      An award of reasonable attorneys' fees and costs pursuant to Code of Civil

8    Procedure § 1021.5 and/or any other applicable law;

9         I.      For leave to amend this complaint to add additional state law claims, should

10   it be necessary;

11        J.      For interest on any compensatory damages, statutory penalties, and attorneys

12   fees;

13        K.      Punitive damages and exemplary damages;

14        L.      Restitution; and

15        M.      For such other further relief, in law or equity, as this Court may deem

16   appropriate and just.

17

18   DATED:      November 8, 2012                    ROSE, KLEIN & MARIAS LLP

19

20                                          By: _____
                                                 DAVID A. ROSEN, ESQ.
21                                               ERIN M. BERANEK, ESQ.
                                                 Attorneys for Plaintiff James Keefe
22                                               IV and on behalf of all others
                                                 similarly situated

23

24

25

26

27

28

---

-24-

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CIVIL COMPLEX CENTER

*KEEFE*

*VS.*

*CITIGROUP INC.*

CASE NO. 30-*2013-00599301*

Honorable Nancy Wieben Stock.
Department CX-105

INITIAL CASE MANAGEMENT ORDER

An initial Case Management Conference is set on _*1/7/13*_ at _*8:30*_ A.M. in Department CX-105, Complex Civil Courthouse, located at 751 West Santa Ana Boulevard, Santa Ana, California, 92701. (657) 622-5305.

To facilitate the orderly conduct of discovery and motions brought before this court, **no motions may be filed prior to the Initial Case Management Conference and all discovery is stayed.** However, to the extent that a defendant wishes to file a first response other than an answer. Defendant is instructed to file a "Notice of [Special] Appearance and Intent to File [title of motion]." as the defendant's first appearance, or special appearance, as the case may be. If due to unique case exigencies or for other good cause counsel wish to file any motion during the period of the brief stay described above, counsel may seek leave, by filing an ex parte application. Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure §170.6.

**Counsel for all parties are ordered to personally attend the Initial Case Management Conference. Pursuant to Code of Civil Procedure §367.5(c), and**

California Rule of Court 3.670(e), this Court determines with respect to this complex litigation that personal appearance by counsel at the Initial Case Management Conference will materially assist in the effective management of the case. If any counsel wishes the court to make an exception, for good cause, a request may be made by telephonic request to the courtroom clerk, or by ex parte application, stating grounds for requesting an exception. After the Initial case Management Conference counsel who are managing the litigation, and who are able to make decisions regarding discovery and briefing of legal issues, shall attend all subsequent Status Conferences personally, or by *Court Call*. For these **subsequent Status Conferences**, counsel shall file a brief **Joint Status Conference Statement** <u>five calendar days</u> before hearing.

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this court at the Initial Case Management Conference.

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of judicial recusal or disqualification;
4. Issues of law that, if considered by the court, may simplify or foster resolution of the case;
5. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
6. A plan for preservation of evidence;
7. A plan for disclosure and discovery;
8. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
9. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
10. Procedures for the drafting of a Case Management Order, if appropriate;
11. Any issues involving the protection of evidence and confidentiality;

Counsel for plaintiff is to take the lead in preparing a **Joint Initial Case Management Conference Report** to be filed <u>three court days</u> prior to the Initial Status Conference. The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the court, may simplify or further resolution of the case;
10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties.
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately.

Counsel are reminded of their responsibility to file a timely Notice of Related Case pursuant to California Rule of Court 3.300(b)(f). Related cases include cases pending in other counties and in federal court. (*See* CRC 3.300(b).) These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.,* CRC 3.300(f).) Further information on Department CX-105 and/or the Complex Civil Panel may be obtained from www.occourts.org

SO ORDERED:

Nancy Wieben Stock
Judge

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana. CA 92701

SHORT TITLE: Keefe vs. Citigroup Inc

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2012-00599301-CU-BT-CXC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below.
The mailing and this certification occurred at Santa Ana, California on 10/05/2012

Clerk of the Court, by: _____ , Deputy

ROSE, KLEIN & MARIAS LLP
801 S GRAND AVENUE AVENUE # 11TH FLOOR
LOS ANGELES, CA 900174645

CLERK'S CERTIFICATE OF SERVICE BY MAIL

Page: 1

Code of Civil Procedure, § CCP1013(a)

V3 1013a (June 2004)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*
DAVID A. ROSEN (SBN: 101287)
Rose, Klein, & Marias, LLP
801 S. Grand Ave.
11th Floor
Los Angeles, CA 90017
Telephone No.: (213) 626-0571          Fax No. (Optional): (213) 623-7755
E-Mail Address (Optional):
ATTORNEY FOR *(Name):* JAMES E. KEEFE IV          Bar No: 101287

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Sep 19 2012**

ALAN CARLSON, Clerk of the Court
by F. IBARRA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: JAMES E. KEEFE IV, et al., and ROES
1 through 200, Inclusive
DEFENDANT / RESPONDENT: CITIGROUP, INC., et al.

| CLASS ACTION/B&P 17200 QUESTIONNAIRE *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | CASE NUMBER: 30-2012-00599301-CU-BT-CXC DEPT: JUDGE: STATUS CONFERENCE DATE: |

In response to the conflict of interest issues raised in *Apple Computer, Inc. v. The Superior Court of Los Angeles County* (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?          Yes _____   No _X_

2. Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?          Yes _X_   No _____

     If yes, explain relationship:  Plaintiff is father of one attorney in the firm

3. Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?          Yes _____   No _X_

     If yes, explain: _____

4. Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?          Yes _____   No _X_

     If yes, explain relationship: _____

5. If there is co-counsel, have the attorneys been co-counsel in other class actions?          Yes _____   No _X_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

September 18, 2012
DATE

_____
SIGNATURE OF COUNSEL FOR PLAINTIFF(S)
David A. Rosen

Approved for Mandatory Use
L277 [New June 1, 2005]

CLASS ACTION/B&P 17200 QUESTIONNAIRE

OC-277

Exh. A, Page 37

# EXHIBIT B

1    STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND (State Bar No. 83013)
2    MARCOS D. SASSO (State Bar No. 228905)
     A.R. KACHADOORIAN (State Bar No. 240601)
3    2029 Century Park East, Suite 1600
     Los Angeles, California 90067-3086
4    Telephone: 310-556-5800
     Facsimile: 310-556-5959
5    lacalendar@stroock.com

6    Attorneys for Defendants
       CITIGROUP, INC.,
7      CITIBANK NATIONAL ASSOCIATION,
       CITI HOLDINGS, INC., CITICORP CREDIT
8      SERVICES, INC. (USA), CITIGROUP GLOBAL
       MARKETS, INC.

9

                    **UNITED STATES DISTRICT COURT**

10

                    **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13   JAMES E. KEEFE, IV, and ROES 1      )   Case No.
     through 200, inclusive,              )
14                                        )   **DECLARATION OF JEFF**
                Plaintiff,                )   **KRIBELL IN SUPPORT OF**
15                                        )   **NOTICE OF REMOVAL**
           vs.                            )
16                                        )   **(Pursuant to 28 U.S.C. §§ 1453(b)**
     CITIGROUP, INC., CITIBANK            )   **(*CAFA Class Action*))**
17   NATIONAL ASSOCIATION, CITI           )
     HOLDINGS, INC., CITICORP CREDIT      )
18   SERVICES, INC. (USA), CITIGROUP      )
     GLOBAL MARKETS, INC., and DOES       )
19   1 through 100, inclusive,            )
                                          )
20                                        )
                Defendants.               )
21                                        )

22

23

24

25

26

27

28

LA 51609140v1

## DECLARATION OF JEFF KRIBELL

I, JEFF KRIBELL, hereby declare as follows:

1.      I am a Senior Programmer Analyst with Citibank, N.A. ("Citibank"), a national banking association located in Sioux Falls, South Dakota.  I have been employed by Citibank or its predecessors/affiliates in different capacities for approximately 16 years.  I make this Declaration in support of defendants' Notice of Removal of the above-referenced action to federal court.

2.      In my capacity as a Senior Programmer Analyst, I have personal knowledge of the ongoing business operations of Citibank and I am also familiar with the business practices of Citibank with respect to its credit card accounts.  I have access to the business records relating to the credit card accounts including, in particular, certain aggregate financial information relating to credit card accounts. The facts set forth herein are true of my personal knowledge or based on Citibank's books and records, and if called as a witness, I am competent to testify thereto.

3.      Based on a review of Citibank's records, and without revealing confidential proprietary information, Citibank's records reflect that the amount of balance transfer fees billed to certain Citibank credit card accounts with billing addresses in California within the last year exceeds $5,000,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 14th day of December 2012.

_Jeff Kribell_
_____
JEFF KRIBELL

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

- 1 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                            )        ss
COUNTY OF LOS              )
ANGELES

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

     On December 17, 2012, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** the interested parties in this action as follows:

David A. Rosen, Esq.
Rose, Klein & Marias, LLP
801 S. Grand Avenue, 11th Floor
Los Angeles, CA 90017

☐  **(VIA PERSONAL SERVICE)**  By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☐  **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐  **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☑  **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

     I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 17, 2012, at Los Angeles, California.

Lori A. Reed
[Type or Print Name]                    [Signature]

LA 51609778

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

COPY

| | |
|---|---|
| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>JAMES E. KEEFE IV, and ROES 1 through 200, Inclusive | DEFENDANTS<br>CITIGROUP, INC.; CITIBANK NATIONAL ASSOCIATION; CITI HOLDINGS, INC.; CITICORP CREDIT SERVICES, INC. (USA); CITIGROUP GLOBAL MARKETS, INC., and DOES 1 through 100, inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>David A. Rosen / Erin M. Beranek<br>ROSE, KLEIN & MARIAS LLP<br>801 S. Grand Avenue, 11th Floor, Los Angeles, CA 90017-1645; 213-626-0571 | Attorneys (If Known)<br>Julia B. Strickland / Marcos D. Sasso<br>STROOCK & STROOCK & LAVAN LLP<br>2029 Century Park East, Los Angeles, CA 90067<br>310-556-5800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and the Class Action Fairness Act of 2005

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV 12-02179AG (ANx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STAT⬚ )ISTRICT COURT, CENTRAL DISTRI⬚ ⬚ F CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota<br>New York<br>Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 17, 2012

    **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2179 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.